O

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GEO-CHEVRON ORTIZ RANCH #2, et al. | § § | |
| Plaintiffs, | § | |
| VS. | § § | CIVIL ACTION NO. L-04-138 |
| T.C. WOODWORTH, et al. | § § | |
| Defendants. | § | |

**MEMORANDUM**

By Order of March 21, 2005, the Court denied Plaintiffs' motion to remand of Plaintiffs' federal RICO claim. (Docket No. 57.) Plaintiffs have now filed a motion to dismiss the RICO claim with prejudice (Docket No. 59) and a second motion to remand. (Docket No. 60.) Defendants have responded. (Docket Nos. 62 & 63.)

The Supreme Court has stated, "[w]hen the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had a powerful reason to choose not to exercise jurisdiction." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988). The Court further stated that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." Id. at 350 n.7. The Fifth

Circuit has held that the general rule is to dismiss state claims when the federal claims to which they are pendent are dismissed. Parker & Parsley Petroleum Co. v. Dresser Indust., 972 F.2d 580, 585 (5th Cir. 1992).

Defendants maintain that judicial economy is best served if the Court retains jurisdiction and then transfers the case to the Northern District of Georgia, as that court has spent a lot of time handling an earlier case that underlies the instant suit. They maintain that remand would be unfair since it will prevent the Georgia federal court from hearing this case.  Although this case was removed in September of 2004, nothing of substance has occurred in this court other than filings on the remand issue and various defense motions to dismiss or transfer the case.  The fact that the prior case in Georgia was litigated for some time is not the point.  No doubt the Defendants have reason to prefer being in a Georgia federal court, but if this case is remanded, they would be in the same situation as if Plaintiffs had never pled a RICO claim in the first place.  Comity requires this Court to believe that a Texas court is fully competent to recognize lack of personal jurisdiction or an inconvenient forum.

Defendants also argue that the Court can skip the subject-matter jurisdiction question and instead address the pending personal jurisdiction questions.  While this approach has been approved by

the Supreme Court, Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574 (1999), the facts of this case do not warrant that approach. A district court may leapfrog "difficult and novel" subject-matter jurisdiction questions if there are "straightforward" personal jurisdiction issues. Id. at 586. In this case, the subject-matter jurisdiction issue is not complex, and the personal jurisdiction issues are more cumbersome and difficult. Therefore, the Court will not address the personal jurisdiction questions.

The Defendants have asked for the Court to award them costs and attorneys' fees incurred in preparing their responses to the Plaintiffs' motions to remand. Generally, 28 U.S.C. § 1447 has been interpreted to award costs to a plaintiff in cases of improper removal. See Siegal, Commentary on the 1988 Revision of Section 1447 (a court should award costs only if it "find[s] that it was improper for the defendant to remove the case."). That interpretation finds support in the Fifth Circuit, as costs should only be awarded if the removing defendant lacked "objectively reasonable grounds to believe the removal was legally proper." See Hornbuckle v. State Farm Lloyds, 385 F.3d 538, 541 (5th Cir. 2004) (citations omitted). Here, the Defendants properly removed this case, but now want recovery of fees if the case is remanded. They complain of forum "jockeying" and what they view as a waste of hours imposed on them. That element, however, is present

anytime there is a discretionary remand under supplemental jurisdiction principles.  Also, at least some of Defendants' motions can be urged in state court.  Finally, Defendants have successfully obtained dismissal of all RICO claims, which should be worth something.  Accordingly, no fees or costs will be awarded.

Plaintiffs' motion to dismiss all RICO claims with prejudice (Docket No. 59) is GRANTED.  Plaintiffs' motion for leave of court to file an amended petition is GRANTED.  (Docket No. 58.)  Accordingly, the Court will grant Plaintiffs' motion to remand (Docket No. 60).

DONE at Laredo, Texas, this 10th day of May, 2005.

_____
George P. Kazen
United States District Judge