O

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| GEO-CHEVRON ORTIZ RANCH #2, et al. | § § | |
| Plaintiffs, | § § | |
| vs. | § | Civil Action No. L-04-138 |
| | § | |
| T.C. WOODWORTH, et al. | § § | |
| Defendants | § | |

### MEMORANDUM AND ORDER

Pending are Defendants' Motion for Reconsideration and their Request for Hearing on Motion to Reconsider. (Docket Nos. 71 & 74.) Defendants argue that the Court should vacate its Order of Remand as this is still a "federal case." By Order of May 10, 2005, the Court found that remand was appropriate, after Plaintiffs had dropped its only federal claim and complete diversity did not exist.

The pending motion is, at best, somewhat confusing. For example, Defendants maintain that even after Plaintiffs' RICO claim was dismissed, there are still "existing federal questions" in the case. Apparently they believe that because some of the Plaintiffs' claims might be barred by collateral estoppel and res judicata, this is still a federal case. It is hornbook law that, "...the

1

mere fact that a given federal law might 'apply' or even provide a federal defense to a state-law cause of action, is insufficient alone to establish federal question jurisdiction." Hart v. Bayer Corp., 199 F.3d 239, 244 (5th Cir. 2000).  Indeed, the Supreme Court has emphatically decreed that alleged claim preclusion by reason of a prior federal judgment provides no basis for federal jurisdiction.  Rivet v. Regions Bank of LA, 522 U.S. 470 (1998). The fact remains that, without RICO, Plaintiffs' lawsuit is based solely on state law.  "A federal court only has original or removal jurisdiction if the federal question appears on the fact of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action."  MSOF Corp. v. Exxon Corp., 295 F.3d 485, 490 (5th Cir. 2002).

Defendants also argue that since the Georgia federal suit ended with an arbitration award in favor of the Defendants in this lawsuit, the Federal Arbitration Act (FAA) presents an independent federal cause of action.  This argument is unsound.  The Plaintiffs have not brought a claim under the FAA in the present lawsuit, nor do they seek to overturn the arbitration award.  They instead allege state-law claims against their former lawyers and their adversaries for various activities that may have happened before, during and/or after the arbitration process.  Any valid defenses

2

the current defendants may have under the FAA are not part of the Plaintiffs' well-pleaded complaint, and therefore this case does not "arise under" those defenses.

The motion to reconsider and motion for hearing are DENIED.

DONE at Laredo, Texas, this 2nd day of July, 2005.

_____
George P. Kazen
United States District Judge